UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

HEATHER T.,

        Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

CASE NO. C24-5406-BAT

**ORDER REVERSING AND REMANDING FOR IMMEDIATE AWARD OF BENEFITS**

Plaintiff Heather T. appeals the denial of her application for Supplemental Security Income and Disability Insurance Benefits, arguing that the ALJ erred by failing to comply with the law of the case doctrine and reassessing plaintiff's fibromyalgia as directed by this Court's previous order, and that the ALJ further erred in rejecting medical opinions and plaintiff's testimony. Dkt. 9. She seeks remand for an immediate award of benefits or, in the alternative, for further administrative proceedings. *Id.* The Commissioner concedes that the ALJ committed harmful error but contends that a remand for further administrative proceedings is the appropriate remedy. Dkt. 11. The Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter under sentence four of 42 U.S.C. § 405(g) for an immediate calculation of an award of benefits.

## BACKGROUND

Plaintiff is currently 50 years old, has at least a high school education, and has worked as a certified nursing assistant and home attendant. Tr. 1525-26. She applied for benefits on March 29, 2017, alleging disability as of May 1, 2013; she later amended her alleged onset date to January 1, 2017. Tr. 381, 1566. In March 2019, the ALJ issued an unfavorable decision, which the Appeals Council reversed and remanded for further proceedings. Tr. 232-37. In April 2021, the ALJ issued a second unfavorable decision, which this Court reversed and remanded for further proceedings in a decision dated December 29, 2022. *See Heather T. v. Comm'r of Soc. Sec.*, Case No. C22-5333-DWC, Dkt. 13 (W.D. Wash. Dec. 29, 2022). On March 20, 2024, the ALJ issued a third unfavorable decision. Tr. 1515-27. Plaintiff now seeks review of the third unfavorable decision.

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[1] the ALJ found that plaintiff had not engaged in substantial gainful activity since the alleged onset date; she had the following medically determinable severe impairments: degenerative disc disease, obesity, asthma, obstructive sleep apnea, depression, and history of substance abuse (alcohol and methamphetamine); and these impairments did not meet or equal the requirements of a listed impairment. Tr. 1518. The ALJ found that plaintiff had the residual functional capacity to perform light work with additional exertional and non-exertional limitations. Tr. 1520. The ALJ found that plaintiff could not perform her past relevant work, but as there are jobs that exist in significant numbers in the national economy that plaintiff could perform, she is not disabled. Tr. 1525-27.

---

[1] 20 C.F.R. §§ 404.1520, 416.920.

ORDER REVERSING AND REMANDING FOR IMMEDIATE AWARD
OF BENEFITS - 2

**DISCUSSION**

Plaintiff's first argument centers on the ALJ's error in assessing her fibromyalgia. Dkt. 9 at 4. In its December 2022 decision, this Court concluded that in the second unfavorable decision, the ALJ improperly applied Social Security Ruling 12-2p and erred in finding that plaintiff's fibromyalgia was not medically determinable. *Heather T.*, Case No. C22-5333-DWC, Dkt. 13 at 7. The Court found that the medical evidence established that plaintiff met the first set of criteria in SSR 12-2p to establish fibromyalgia as a medically determinable severe impairment. *Id.* at 8. The Court directed the ALJ to reassess plaintiff's fibromyalgia on remand. *Id.* at 12.

On remand, the ALJ addressed plaintiff's fibromyalgia at step two as follows: "The claimant's alleged fibromyalgia (Ex. B9F, pg. 4; B15F) is not medically determinable; the record lacks adequate medical signs and laboratory findings demonstrating the existence of any such impairment. An allegation of symptoms alone is insufficient to establish a medically determinable impairment (SSR 16-3p)." Tr. 1518. The ALJ did not further address plaintiff's fibromyalgia.

Plaintiff argues that the ALJ erred by failing to follow the law of the case doctrine when she revisited an issue this Court previously decided and came to a different conclusion than this Court did. Dkt. 9 at 5.

The Commissioner concedes that the ALJ did not reevaluate plaintiff's fibromyalgia as required by this Court's order. Dkt. 11 at 1. However, the Commissioner argues that because the record leaves serious doubt about whether plaintiff is disabled, the Court should remand for further administrative proceedings and not for an immediate award of benefits as plaintiff seeks. *Id.*

ORDER REVERSING AND REMANDING FOR IMMEDIATE AWARD
OF BENEFITS - 3

When a district court reverses an ALJ decision, it has discretion to either remand the case for further administrative proceedings or to remand for an award of benefits. 42 U.S.C. § 405(g); *Harman v. Apfel*, 211 F.3d 1172, 1177-78 (9th Cir. 2000). In the typical case, where there are outstanding issues that must be resolved and it is not clear from the record that an ALJ would be required to find a claimant disabled if all the evidence were properly evaluated, remand for further proceedings is appropriate. *Hill v. Astrue*, 698 F.3d 1153, 1162 (9th Cir. 2012).

The Court may remand for an award of benefits where (1) the record has been fully developed and further administrative proceedings would serve no useful purpose, (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion, and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand. *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014). Courts have flexibility in applying this rule, and may instead remand for further proceedings where the record as a whole "creates serious doubt that a claimant is, in fact, disabled." *Id.* at 1021.

The Commissioner does not dispute that the first three prongs are met. The Commissioner instead asserts that the record leaves serious doubt that plaintiff is disabled based on four medical opinions and prior administrative medical findings. Dkt. 1 at 2-3. First, the Commissioner points to the 2017 consultative examination conducted by David Dixon, Ph.D. *Id.* at 2. Dr. Dixon opined that plaintiff's ability to reason was good, her ability to understand was average, her sustained concentration was good to fair, her persistence was good to fair, her ability to interact socially was affected by her animations, and she was able to adapt to new environmental conditions. Tr. 589. However, Dr. Dixon conducted a psychological examination and expressed opinions about plaintiff's psychological functioning, not her physical limitations.

ORDER REVERSING AND REMANDING FOR IMMEDIATE AWARD
OF BENEFITS - 4

This opinion does not cast doubt on plaintiff's allegations of disability based on her physical impairments, including fibromyalgia.

Next, the Commissioner points to the October 2018 opinion of plaintiff's mental health provider, Walter Jordan, LMHC. Dkt. 11 at 2-3. As the Commissioner notes, Mr. Jordan opined that plaintiff had no problems with her memory unless it was a day when she was experiencing a lot of pain, she had no problems with her ability to concentrate and complete tasks unless she was distracted by physical pain, and she would be able to carry out short and simple instructions. Tr. 1118-19. However, the Commissioner failed to note numerous other limitations that Mr. Jordan opined, including limitations in staying on task throughout the workday, maintaining regular attendance, working in coordination with or proximity to others, and adapting to the demands or stress of the workplace. Tr. 1119-22. Mr. Jordan also opined that plaintiff's pain and "fibro fog" exacerbated her mental limitations. Tr. 1122. Even if the Court considered only the portions of Mr. Jordan's opinion the Commissioner highlights, Mr. Jordan's opinion about plaintiff's mental functioning does not cast doubt on her allegations of disability based on her physical impairments. And considering the opinion as a whole, Mr. Jordan's observations about the effects of pain and "fibro fog" on plaintiff's functioning support, rather than undermine, her claims.

Third, the Commissioner points to the June 2017 examination of Peter Weir, M.D. Dkt. 11 at 3. Dr. Weir opined that plaintiff could stand and walk for 4 hours in a workday, sit for 6 hours in a workday, lift and carry 20 pounds occasionally and 10 pounds frequently, and could engage in postural activities occasionally. Tr. 595. However, although Dr. Weir noted plaintiff's history of fibromyalgia, he found that plaintiff did not meet the diagnostic criteria for fibromyalgia at his examination. Tr. 594. Dr. Weir's opinion is thus based on the same erroneous

ORDER REVERSING AND REMANDING FOR IMMEDIATE AWARD
OF BENEFITS - 5

assessment of fibromyalgia that the Commissioner concedes requires reversal of the ALJ's decision. And even if the Court considers the effect of Dr. Weir's opinion despite this defect, a single opinion in a record that comprises over 2000 pages is insufficient to raise serious doubt about plaintiff's claim of disability when considering the record as a whole.

Finally, the Commissioner points to the December 2017 opinion of the state agency consultant. Dkt. 11 at 3. The consultant opined that plaintiff was able to lift and carry 25 pounds frequently and 50 pounds occasionally, and stand, walk, and sit for 6 hours in an 8-hour workday. Tr. 186. However, the ALJ found this opinion to be not persuasive, as plaintiff's morbid obesity, pain complaints, and reduced lumbar range of motion supported greater limitations. Tr. 1525. The Court agrees with the ALJ that this opinion is not persuasive and finds that this opinion is an outlier in the opinions regarding plaintiff's physical functioning and is not sufficient to cast serious doubt on plaintiff's claim of disability when considering the record as a whole.

The Commissioner concedes that the criteria for a remand for benefits are met in the case, but points to four medical opinions that he alleges create serious doubt about plaintiff's claim of disability. However, these opinions do not address plaintiff's physical impairments, include opinions that support her claim, are based on the same error the Commissioner concedes was reversible error on the part of the ALJ, or are an outlier in a record that comprises over 2000 pages. The Court finds that, considering the record as a whole, these four opinions are insufficient to create serious doubt that plaintiff is disabled.

Plaintiff first filed her claim in March 2017, over seven years ago. She has had three hearings before an ALJ, and received three unfavorable decisions, each of which included reversible error as determined by either the Appeals Council or this Court, or even as conceded

ORDER REVERSING AND REMANDING FOR IMMEDIATE AWARD
OF BENEFITS - 6

by the Commissioner himself. Under these circumstances, allowing the Commissioner a fourth opportunity to try to meet his burden would create the very "heads we win; tails, let's play again" disability benefits system the Ninth Circuit has repeatedly cautioned against. *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004); *see also Vieira v. Saul*, 2020 WL 2615009, at *11 (N.D. Cal. May 21, 2020); *Moisa v. Barnhart*, 367 F.3d 882, 887 (9th Cir. 2004). The Court finds no basis to exercise its discretion to require yet another hearing in this case and concludes that remand for an immediate award of benefits is the appropriate remedy in this case.

## CONCLUSION

For the foregoing reasons, the Commissioner's decision is **REVERSED** and this case is **REMANDED** under sentence four of 42 U.S.C. § 405(g) for immediate calculation of an award of benefits beginning on the onset date of disability of January 1, 2017.

DATED this 24th day of September, 2024.

BRIAN A. TSUCHIDA
United States Magistrate Judge